UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODD COOLEY,

    Plaintiff,

  v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C05-5560RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
March 3rd, 2006**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant Harold Clarke's motion asking he be dismissed from the action for lack of personal participation. (Dkt. # 15). Plaintiff has not responded and mail sent to the plaintiff has been returned as undeliverable. (Dkt. # 18).

    Review of the defendant Clarke's motion reveals the plaintiff has been transferred to the Florence Corrections Center in Arizona. (Dkt. # 15, page 2). Defendant Clarke does not provide an address for the plaintiff. Under these circumstances the court will not consider the lack of a response as any kind of admission by plaintiff. Further, the court ORDERS defendant Clarke's counsel to serve a copy of this Report and Recommendation on plaintiff. Counsel will provide proof of service

ORDER - 1

1  and provide the plaintiff with the court's address.  Plaintiff is reminded that he must keep the court
2  apprized of his current address or his action may be dismissed without prejudice pursuant to local
3  rule 41 (b) (2).
4        In addition to damages, plaintiff asks for injunctive relief to include a transfer back to
5  Washington.  (Dkt. # 6).  As Secretary for the Department of Corrections, defendant Clarke is the
6  legal entity against whom injunctive relief of this nature, transfer, should be sought.

7  <center>FACTS</center>

8        The plaintiff is a Washington inmate serving a sentence from Pierce County.  He is serving
9  this sentence out of state.  Plaintiff was transferred from Washington to a private facility in Colorado
10 where he filed this action.  (Dkt. # 15, page 2).  See also, (Dkt. # 6).  Plaintiff claims a lack of access
11 to court and challenges the sufficiency of the law library at the private prison.  He was later
12 transferred to Arizona.  Plaintiff seeks return to Washington as part of his requested relief.  (Dkt. #
13 6, Page 4).

14 <center>DISCUSSION</center>

15       A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that
16 the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.
17 Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,
18 45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable
19 legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.
20 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as
21 admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295
22 (9th Cir. 1983).
23       Here, plaintiff seeks return to Washington in order to have access to courts.  While his
24 transfer from Colorado to Arizona may have bearing on his standing to seek injunctive relief,  the
25 court cannot say that an amendment would not cure the defect in pleading.  Plaintiff seeks relief
26 based on the conditions he alleges existed in Colorado.  His transfer to Arizona deprives him of
27 standing to seek injunctive relief from defendant Clarke based on Colorado conditions.  Nelsen v.
28 ORDER - 2

King County, 895 F. 2d 1248 (9th Cir. 1990). However, an amendment which challenges Arizona conditions may provide a basis for injunctive relief. Further, Secretary Clarke would still be the proper defendant against whom injunctive relief seeking return to Washington might be sought.

The current motion to dismiss addresses a claim for damages, not a claim for injunctive relief. (Dkt. # 15). While the argument may be proper if the action sought only damages, it has little bearing on the current request for relief. (Dkt. # 6, page 4). The motion should be **DENIED with regard to injunctive claims.**

Plaintiff's damage claim does not implicate defendant Clarke. Liability in a civil rights action is based upon personal participation and defendant Clarke's position regarding liability is correct. To the extent that this action seeks damages against defendant Clarke the claim for damages as to defendant Clarke should be **DISMISSED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 3rd, 2006**, as noted in the caption.

DATED this 8th day of February, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3